IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DWIGHT L. ALLEN,

    Plaintiff,

v.

MICHELLE HAMILTON; MICHAEL
PERRY; ROBERT GUY; BILL SMITH;
Sheriff; TIMOTHY HATCH, Chief of
Police; and WAYNE BENNETT, Sheriff,

    Defendants.

CIVIL ACTION NO.: CV209-035

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently detained at the Camden County Detention Center in Woodbine, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A detainee proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff names as Defendants[1] Michelle Hamilton, Michael Perry, and Robert Guy, attorneys are serving or who have served as his "indigent" defense counsel. (Compl., p. 6). Plaintiff asks this Court to ensure that "the lower courts, lawyer's (sic), and law enforcement don't all team up in an effort" to violate his federal and state constitutional rights. (Id.) Plaintiff asserts Defendants Hamilton, Perry, and Guy violated their code of conduct and requests that any money paid to these Defendants be returned to the indigent defense fund.

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law."

---

[1] The Clerk's Office added Timothy Hatch and Wayne Bennett as Defendants upon the docket of this case. However, Plaintiff does not name Timothy Hatch or Wayne Bennett as Defendants in this case. The undersigned presumes an employee in the Clerk's Office inadvertently added these two (2) individuals as Defendants in this case based on Plaintiff's assertion that he had named these individuals as Defendants in a previous lawsuit.

Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). "[S]tate action requires both an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by the rule of conduct imposed by the State or by a person for whom the State is responsible,' and that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000) (emphasis in original) (citation omitted). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Plaintiff has failed to show that any of his appointed attorneys did not perform a lawyer's traditional functions during the course of her or his representation of Plaintiff. Plaintiff cannot sustain his claims against Defendants.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO ORDERED**, this 30th day of June, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE